No. 22-15402
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Michele Leuthauser,

*Plaintiff–Appellant*,

v.

United States, et al.,

*Defendants–Appellees,*
_____

On Appeal from the United States District Court
for the District of Nevada
No. 2:20-cv-00479-JCM-VCF
Hon. James C. Mahan

_____

UNCONTESTED MOTION OF THE INSTITUTE FOR JUSTICE
FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT
AS AMICUS CURIAE SUPPORTING PLAINTIFF-APPELLANT

_____

    Patrick Jaicomo
    Anya Bidwell
    Jaba Tsitsuashvili
    INSTITUTE FOR JUSTICE
    901 N. Glebe Road, Suite 900
    Arlington, VA  22203
    (703) 682-9320
    pjaicomo@ij.org
    abidwell@ij.org
    jtsitsuashvili@ij.org

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amicus curiae the Institute for Justice respectfully moves this Court for leave to participate at oral argument in this case. Counsel for plaintiff-appellant has consented to yield six minutes of his argument time to amicus, and defendants-appellees' counsel is not opposed to amicus's participation.

In support of this motion, amicus states:

1. The Institute for Justice (IJ) is a national, not-for-profit law firm dedicated to upholding individuals' constitutional rights. The foundation of those rights is the ability to hold the government and its officials accountable for conduct that violates them. Accordingly, part of IJ's mission is to remove the various barriers to the enforcement of individual rights—like those approved by the district court in this case.

2. On May 25, 2022, IJ filed an amicus brief in support of plaintiff-appellant. *See* Brief (D.E. 13) and Order Accepting Filing (D.E. 16). Amicus's brief explains that this case presents an important question concerning the intent of Congress in amending the Federal Tort Claims Act (FTCA) to permit intentional tort claims against federal officers with the power to search or seize, as well as broader accountability principles.

3. In addition to participating as an amicus in this and other important government accountability cases, *e.g. Villarreal v. City of Laredo*, 44 F.4th 363, 371 (5th Cir. 2022) (citing IJ as "a respected national public interest law firm"), IJ represents individuals seeking to hold government officials accountable for rights violations, *e.g., Gonzalez v. Trevino*, 42 F.4th 487 (5th Cir. 2022). Germane to this case, IJ has appeared before the United States Supreme Court to argue issues related to the text, history, and application of the FTCA. *Brownback v. King*, 141 S. Ct. 740 (2021).

4. Beyond litigation, IJ publishes original research addressing the problems posed by government immunity doctrines. *E.g.,* Marie Miller*, et. al, Constitutional GPA* (last accessed Sept. 30, 2022), ij.org/GPA. IJ research has also focused specifically on immunity for federal officials, like the Transportation Security Officer (TSO) defendant in this case. *E.g.*, Patrick Jaicomo & Anya Bidwell, *Unqualified Immunity and the Betrayal of* Butz v. Economou*: How the Supreme Court Quietly Granted Federal Officials Absolute Immunity for Constitutional Violations*, 126 Dick. L. Rev. 719 (2022).

5. IJ is interested in this case because it raises important questions about federal immunity and government accountability. As IJ explained in its brief, by amending the FTCA to allow claims for intentional torts against "investigative or law enforcement officers," 28 U.S.C. § 2680(h), Congress clearly and intentionally designed a redundant system with two parallel, complementary remedies to check the potential excesses of searches and seizures committed by federal officials. D.E. 13 at 7–10. But the district court's ruling below rejected both remedies, overriding Congress's intended design and denying all relief for unreasonable searches engaged in by TSOs. That ruling reveals a broader accountability problem in the United States. *See id.* at 15–18.

6. As amicus, IJ can bring significant experience and expertise to bear on the question presented by this appeal. IJ has litigated numerous cases involving federal accountability, including under the FTCA. IJ can speak to the detail of statutory language of the FTCA, including its drafting history, and IJ can provide important information on how the FTCA's law enforcement proviso is applied in practice. IJ can also address the foundational constitutional issues raised if individual rights violations

3

committed by federal officials are left without remedy under *Bivens* or the FTCA. *See* D.E. 11–15.

7. At the same time, IJ does not seek to interject any issues into this appeal that are not already raised by the parties' briefing. Plaintiff-appellant has argued that the district court erred by holding that TSOs are not "investigative or law enforcement officers" under the FTCA. That is the precise issue that IJ seeks to address.

8. This Court has previously granted leave for other amici to participate in oral argument to bring additional experience and expertise to bear on the questions presented for decision. *See, e.g.*, Order (D.E. 49), *Givens v. Newsom*, No. 20-15949 (9th Cir. Oct. 8, 2020) (granting motion for the United States of America to participate in oral argument as amicus); Order (D.E. 30), *United States of America v. Inouye*, No. 14-10510 (9th Cir. Nov. 18, 2015) (granting motion for the Maryland Crime Victims' Resource Center to participate in oral argument as amicus); Order (D.E. 163), *Kilgore v. Keybank Nat'l Ass'n*, No. 09-16703 (9th Cir. Nov. 30, 2012) (granting motion for the U.S. Chamber of Commerce to participate in oral argument as amicus).

9. Amicus's participation at oral argument would not pose any prejudice to defendants-appellees. As noted above, amicus does not seek to raise any issue that has not already been raised by the briefing for the parties. Rather, amicus simply seeks to bring additional experience and expertise to bear on the questions that are already presented by this appeal.

10. Amicus's participation would not enlarge the time required for oral argument. The Court has allotted 15 minutes to each side for oral argument; plaintiff-appellant has agreed to yield 6 minutes of argument time to amicus.

11. Finally, the grant of this motion would not affect the oral argument schedule. The Court has set oral argument for December 6, 2022, and counsel for amicus is available during that time.

## CONCLUSION

For the foregoing reasons, amicus respectfully requests that the Court enter an order granting amicus leave to participate in oral argument on time yielded by plaintiff-appellant.

Dated: October 3, 2022  /s/Patrick Jaicomo
Patrick Jaicomo
Anya Bidwell
Jaba Tsitsuashvili
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA  22203
(703) 682-9320
pjaicomo@ij.org
abidwell@ij.org
jtsitsuashvili@ij.org

*Counsel for Amicus Curiae
Institute for Justice*