

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-5432

April 28, 2023

**By CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:  *Leuthauser v. United States*, No. 22-15402 (argued Dec. 6, 2022);
     *Lundquist v. United States*, No. 22-55709 (argued March 8, 2023)

We write regarding *Osmon v. United States*, No. 22-2045 (4th Cir. Apr. 18, 2023), which held that TSA screeners qualify as "investigative or law enforcement officers" under the FTCA's law enforcement proviso, 28 U.S.C. § 2680(h).

For the reasons explained in our answering briefs, *Osmon*'s analysis and conclusion are in error. *Osmon* concluded that TSA screeners must fall within § 2680(h)'s "plain language" because they conduct administrative searches. Op. 7. In doing so, *Osmon* made no attempt to distinguish the cases outside of the TSA context holding that federal employees who conduct administrative searches do not fall within the law enforcement proviso. *See Leuthauser* Answering Br. 24-25; *Lundquist* Answering Br. 27-28.

*Osmon* recognized, but attempted to distinguish, the multiple textual indicia indicating that § 2680(h)'s text must be construed in context and properly limited to traditional law enforcement functions. Op. 7-10. But the weight of those reinforcing tools of construction—all which indicate that

TSA screeners do not fall within the proviso—confirm that "[a]ny ambiguities in the statutory language are to be construed in favor of immunity," and "[a]mbiguity exists if there is a plausible interpretation" that would preserve sovereign immunity. *FAA v. Cooper*, 566 U.S. 284, 290 (2012). This Court faithfully applied that rule in *Foster v. United States*, 522 F.3d 1071 (9th Cir. 2008), holding that when there is "some support for a narrow reading of the re-waiver of sovereign immunity" in the FTCA, then the Court must adopt that narrow reading "in favor of the United States." *Id.* at 1079. *Osmon* did not meaningfully engage with that analysis, Op. 10-11, which is binding and dispositive here.

             Sincerely,

             */s/ Daniel Aguilar*
             DANIEL AGUILAR
             U.S. Department of Justice
             Civil Division, Appellate Staff

## CERTIFICATE OF COMPLIANCE

 I certify that this letter complies with the word limits of Fed. R. App. P. 28(j) because it contains 270 words.

             */s/ Daniel Aguilar*
             DANIEL AGUILAR